**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided September 20, 2018

*By the Court*:

No. 18-1339

| | |
|---|---|
| BRIAN M. BURMASTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 17-CV-1675 |
| | |
| STEPHEN J. HERMAN, et al., | Nancy Joseph, |
| *Defendants-Appellees*. | *Magistrate Judge*. |

## O R D E R

Brian Burmaster brought this civil-rights suit in Wisconsin, alleging that Louisiana lawyer Steve Herman and his law firm "manufactured" a criminal complaint against him resulting in his arrest and two years' detention in Louisiana before the charges were dropped. The defendants moved to dismiss on several grounds, including a lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). A magistrate judge presiding by consent, *see* 28 U.S.C. § 636(c), dismissed Burmaster's complaint for failing to state a claim. Alternatively, she dismissed the suit as legally frivolous because "Burmaster asks for relief this court cannot grant." *See id.* § 1915(e)(2)(B)(i), (ii).

On appeal Burmaster challenges the judge's alternative ruling that his suit is frivolous. But regardless of whether the complaint had a valid legal or factual basis, the record conclusively shows that the district court lacked personal jurisdiction over the defendants. General personal jurisdiction exists where the defendants are "at home" in

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

the forum state, and specific personal jurisdiction depends on the lawsuit arising out of or relating to the defendants' contacts with the forum. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). Burmaster has not alleged that Herman is domiciled in Wisconsin and that his law firm is "at home" there; indeed, the defendants maintain without objection that they are at home in Louisiana. Nor has Burmaster alleged that this suit arises out of or relates to the defendants' contacts with Wisconsin. The only relationship this suit has with Wisconsin is that Burmaster is domiciled there, but the plaintiff's contacts with the forum do not establish that forum's jurisdiction over the defendants. *See Walden v. Fiore*, 571 U.S. 277, 284–85 (2014).

Because the court lacked jurisdiction, it should not have gone on to consider whether Burmaster's complaint stated a claim, and we need not assess whether the suit is frivolous. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 823 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1331 (2017).

The judgment of the district court is MODIFIED to show that the suit is dismissed without prejudice for lack of personal jurisdiction. As modified, the judgment is AFFIRMED.